UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 28 2010
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUAN RODRIGUEZ, Movant, -vs- UNITED STATES OF AMERICA, Respondent. | CIV 08-4033 CR 05-40064-05 MEMORANDUM OPINION AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Juan Rodriguez has filed a 28 U.S.C. § 2255 motion to vacate his sentence. In this motion, Rodriguez brings the claim of ineffective assistance by his trial counsel, attorney Michael W. Hanson. The government filed an answer to the motion and a brief in support of the answer and Rodriguez filed a response. For the reasons discussed below, the motion to vacate is denied.

## BACKGROUND

Juan Rodriguez was indicted, along with five co-defendants, on May 19, 2005, for one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Attorney Michael W. Hanson was counsel for Rodriguez. Following a jury trial, Rodriguez was convicted and this Court sentenced him to 125 months' imprisonment. Rodriguez filed his notice of appeal with the Eighth Circuit on May 24, 2006, and was denied on December 5, 2006. *United States v. Rodriguez,* 207 Fed. Appx. 733 (8th Cir. 2006) (unpublished opinion). Rodriguez's petition for rehearing was also denied by the Eighth Circuit on January 18, 2007.Counsel's motion to withdraw as counsel for Rodriguez was granted by the Eighth Circuit on March 12, 2007.

Rodriguez filed the present motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 23, 2008, setting forth a claim for ineffective assistance of counsel. Rodriguez argues that he was prejudiced by his attorney because he was ineffective prior to trial, at trial, during

closing arguments and jury instructions, and at sentencing. Specifically, Rodriguez claims that Hanson failed to: 1) prosecute a motion to suppress; 2) pursue discovery material; 3) prevent gross prosecutorial misconduct and suborning of perjury; 4) object to and provide cross examination of inculpatory witnesses during trial; 5) call exculpatory witnesses to the stand, despite repeated requests to do so by Rodriguez; 6) properly prosecute a motion for mistrial; 7) object to the governments statement in closing arguments relative to not bringing forth an exculpatory witness, Raul Castillo, who would have testified that he did not deliver drugs on Rodriguez's behalf; 8) object to the government's closing arguments or file a motion to object to the drug quantity at the conclusion of the trial; 9) adequately educate the jury in his closing arguments; and 10) file Rodriguez's objections to the Presentence Investigation Report. Lastly, Rodriguez also contends that if immediate relief is not awarded here the Court should grant an evidentiary hearing.

The government responded to Rodriguez's motion on July 21, 2008. The government addressed each of Rodriguez's claims on the merits, contending that counsel was sufficiently effective at trial and that Rodriguez's § 2255 petition must be denied. Additionally, the government claims that Rodriguez is not entitled to an evidentiary hearing.

Rodriguez filed an answer to the government's response on August 26, 2008, restating his claims for the ineffectiveness of trial counsel prior to and during trial, closing arguments and sentencing. Rodriguez also disputes the government's arguments regarding an evidentiary hearing, contending that his arguments are supported by the record and clearly afford him the right to an evidentiary hearing.

**Discussion**

Rodriguez "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 446 U.S. 668 (1984).

First, under the "deficient performance" component, Rodriguez must show that his lawyer's representation fell so far below an objective standard of reasonableness that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687.

Judicial review of trial counsel's effectiveness is highly deferential, and this court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The reasonableness of counsel's performance must be evaluated by considering the circumstances faced by the attorney at the time in question, without the benefit of hindsight. *Sanders v. Trickey,* 875 F.2d 205, 207 (8th Cir. 1988). Strategic and tactical decisions made by counsel, though they may appear unwise, cannot serve as the basis for an ineffective-assistance claim. *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004).

Second, under the "prejudice" component, Rodriguez must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 446 U.S. at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins,* 382 F.3d 846, 851 (8th Cir. 2004).

If Rodriguez fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker,* 324 F.3d 1032, 1040 (8th Cir. 2003). Additionally, the Court does not need to address the performance prong if petitioner does not affirmatively prove prejudice. *Boysiewick v. Schriro,* 179 F.3d 616, 620 (8th Cir. 1999).

The Court finds that Rodriguez has failed to satisfy the two-part test established in *Strickland* and accordingly failed to establish ineffective assistance of counsel. However, as the government addressed each claim on the merits, the Court will do so as well.

1. Failure to prosecute a motion to suppress

Rodriguez claims that counsel was ineffective for failing to file a motion to suppress Exhibits 1-6, which admitted into evidence cocaine that was obtained through various controlled buys and searches of co-conspirators.

The first inquiry in examining a fourth amendment claim is whether the defendant had a legitimate expectation of privacy in the areas searched or the items seized. *United States v. Wiest,* 596 F.3d 906, 909 (8th Cir. 2010). A defendant who fails to demonstrate a sufficiently close

3

connection to the relevant places or objects will not have "standing" to claim that they were searched or seized illegally. *United States v. Sanchez,* 943 F.2d 110, 113 (1st cir. 1991). Thus, in order to file a successful suppression motion, Rodriguez would have to "demonstrate a sufficiently close connection to the relevant places or objects" that he claims were illegally searched. *Id.* As the cocaine admitted in Exhibits 1-6 was seized from various controlled buys and searches of co-conspirators, Rodriguez had no legitimate expectation of privacy in the areas searched. Additionally, "[t]he prejudice flowing from an attorney's failure to file a suppression motion is determined by examining the likely success of the motion." *Kellogg v. Scurr,* 741 F.2d 1099, 1104 (8th Cir. 1984). For the reasons stated above, the Court cannot conclude that counsel's failure to file a motion to suppress had any prejudicial impact upon defendant's case, much less what is required under *Strickland.*

Rodriguez also claims that the drugs were not attributable to him and are not sufficiently relevant under Fed. R. Evid. 404(b). His conclusion is mistaken. Evidence is admissible under Rule 404(b) if: "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Frazier,* 280 F.3d 835, 847 (8th Cir. 2002) (internal quotations omitted). As to the issue of relevance, the Eighth Circuit has held that "*Pinkerton* co-conspirator liability is applicable where the government proves beyond a reasonable doubt the existence of a conspiracy, that the substantive offense was committed in furtherance of the conspiracy, and that the substantive offense was reasonably foreseeable as a natural 'outgrowth of the conspiracy.'" *United States v. Pierce,* 379 F.3d 546, 550 (8th Cir. 2007) (internal citations omitted). The evidence contained in Exhibits 1-6 are attributable to Rodriguez as a "natural outgrowth of the conspiracy" for which Rodriguez was found liable, and consequently relative to his case. *Id.* There was substantial evidence to support Rodriguez's conviction, and the Court finds that any potential prejudice does not substantially outweigh the probative value of the evidence.

2. <u>Failure to Pursue Discovery Material</u>

Rodriguez claims that counsel failed to interview certain inculpatory and exculpatory witnesses. While Rodriguez alleges that this was unreasonable, he fails to demonstrate how he was

prejudiced by counsel's decision. Rodriguez has not shown "that there is a reasonable probability...[,] [meaning] a probability sufficient to undermine confidence in the outcome[']" that, had counsel interviewed other inculpatory and exculpatory witnesses, "the result of the proceeding would have been different." *United States v. Rice,* 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland,* 466 U.S. at 694).

Rodriguez also argues that counsel failed to subpoena Greg Shriver, Rodriguez's friend and neighbor, to testify to the fact that he never witnessed drug trafficking at Rodriguez's house. Rodriguez claims that this testimony would have shown that Rodriguez was not living the "high life" as a purported drug trafficker, but struggling financially, and that Shriver's testimony would have contradicted the testimony of government witnesses. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695. In the instant case, "[Rodriguez's] conviction was supported by the testimony of numerous coconspirators" and "substantial evidence." *Rodriguez,* 207 Fed. Appx. 733. That Shriver never witnessed Rodriguez doing drugs and that Rodriguez was in financial ruin is insufficient to dispute the overwhelming evidence presented at trial. Rodriguez has not demonstrated prejudice based on his counsel's decision not to present Shriver's testimony to the jury as the likely outcome of the trial would not have been different if he had testified.

Rodriguez further contends that counsel failed to obtain a videotape which would have implicated the testimony of his sister, Luvi Rodriguez, an inculpatory witness, as suborned perjury. Rodriguez claims that counsel's failure to obtain the tape impacted the outcome of the trial, as the tape would have shown Luvi admitting that her attorney and the government were engaging in "high pressure" tactics and advising "her that she would have to lie about her brother." Rodriguez's argument is without merit, however, as counsel called Warden Tim Devlin during trial and subsequently discovered that a videotape did not exist. The Court concludes that counsel's alleged deficiencies were not tantamount to a failure to function as counsel or that they prejudiced the defense. There is no evidence or argument indicating that the failure of counsel to obtain a nonexistent videotape affected the outcome of the trial. This is especially true considering that counsel cross-examined Luvi, exposing the pressure placed on Luvi by her attorney and Luvi's statement that her attorney told her she had to provide information against Rodriguez, even if she

5

had to lie. The Court cannot conclude that this lone videotape would have affected the case's outcome.

3. <u>Failure to prevent gross prosecutorial misconduct and suborning perjury.</u>

Rodriguez complains that counsel failed to impeach certain witnesses or move the Court to have their testimonies stricken from the record. Specifically, Rodriguez points to the testimonies of Luvi Rodriguez, Maria Mislyn and Genaro DelBosque.

During cross-examination, Luvi admitted that her attorney told her she had to provide information against Rodriguez, even if it meant having to lie, in order to get her sentence cut in half. Rodriguez argues that this exchange was suborning perjury and that her testimony should have been stricken from the record. Further, Rodriguez contends that Mislyn's testimony was so marred by memory problems and health issues related to drug abuse that it was not sufficiently reliable. He claims that counsel should have motioned for her statements to be impeached and her testimony stricken from the record. Lastly, Rodriguez argues that the testimony of DelBosque was in complete contradiction to that of Mislyn and Mario Castaneda.

The Court will not "pass upon the credibility of witnesses or the weight to be given their testimony." *United States v. Valezquez,* 410 F.3d 1011, 1015-16 (8th Cir. 2005). It is the jury's job to resolve conflicts in testimony and judge the credibility of witnesses. *United States v. Agofsky,* 20 F.3d 866, 869 (8th Cir. 1994). On numerous occasions the Eighth Circuit has "upheld jury verdicts based solely on the testimony of cooperating witnesses." *Valezquez,* 410 F.3d at 1015-16. More recently, the Eighth Circuit has stated that "[a]s credibility determinations are for the jury, they are virtually unassailable on appeal." *United States v. Alama,* 486 F.3d 1062, 1065 (8th Cir. 2007).

The Eighth Circuit refused to disturb the jury's credibility assessments on appeal, and this Court will not do so now. *Rodriguez,* 207 Fed. Appx. 733. Because it was within the province of the jury to decide the credibility of the testimonies of Luvi, Mislyn and DelBosque, it was not unreasonable for counsel to choose not to ask for the testimonies of these witnesses to be stricken. In addition, the jury received instructions regarding the credibility of witnesses. Rodriguez was not unfairly prejudiced by their testimonies at trial and he has failed to establish ineffective assistance of counsel.

6

Furthermore, Rodriguez's claim that the government suborned perjury is mistaken in light of the government's redirect of Luvi at trial. During redirect, Luvi stated that the prosecutor told her to say the truth, and that if she lied she would face additional charges and lose any benefit from her plea agreement.

4.  <u>Failure to object to and provide cross examination of inculpatory witnesses during trial.</u>

Rodriguez argues that counsel failed to point out contradictory statements made by various witnesses during cross examination. This argument is based primarily on the testimony of Delbosque, which Rodriguez claims revealed he was no longer in the drug business as of August 2003, and the statement by Luvi that she was told to lie on the stand.

The probation office's presentence report revealed that in August 2003, Delbosque and Rodriguez had a "falling out," following which Delbosque began selling cocaine in the Sioux Falls area apart from Rodriguez. However, it was not proven that Rodriguez withdrew from the conspiracy in August 2003, as withdrawal from a conspiracy requires a demonstration that the defendant "took affirmative action to withdraw. . . by making a clean breast to the authorities or by communicating his withdrawal in a manner reasonably calculated to reach his coconspirators." *United States v. Jackson,* 345 F.3d 638, 648 (8th Cir. 2003). In this case, Rodriguez may have ceased to be an active participant in the conduct of the conspiracy, but that is insufficient to establish a withdrawal from the conspiracy. *Id.* Accordingly, the Court cannot find counsel deficient in his representation of Rodriguez regarding this point.

As to the testimony of Luvi, counsel pointed out that Luvi's attorney had told her to provide information even if she had to lie. The Court finds that counsel's cross-examination of Luvi was reasonable and did not prejudice Rodriguez.

Rodriguez further contends that counsel failed to paint a clear and less culpable picture of his involvement in the alleged conspiracy and the drug amount for which he was convicted. However, "[r]easonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." *James v. State of Iowa,* 100 F.3d 586, 590 (8th Cir. 1996) (internal citations omitted). The Court "must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that

7

a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). If any insufficiencies were exhibited in counsel's trial strategy and examination tactics, the Court cannot say that they fell so far below an objective standard of reasonableness as to result in a failure to function as counsel or impact the outcome of trial.

5. <u>Failure to call exculpatory witnesses to the stand, despite repeated requests to do so by Rodriguez.</u>

Rodriguez claims that counsel was ineffective for failing to call certain exculpatory witnesses to the stand, namely Raul Castillo, Greg Shriver, Jose Ruiz, Olivera-Mendez, and Thomas Mahan. Rodriguez argues that these witnesses would have testified that they never saw Rodriguez trafficking drugs and that he was in financial trouble. He also claims these witnesses would have contradicted the testimony of several government witnesses.

In determining whether prejudice resulted from an attorney's decision not to call a witness, the Eighth Circuit has provided a three-prong analysis of: "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (internal citations omitted).

Applying this analysis, the Court finds that Rodriguez has failed to establish that he was prejudiced by counsel's decision not to call Castillo, Shriver, Ruiz, Olivera-Mendez, and Mahan to the stand. Rodriguez claims that Castillo would have testified that he never delivered drugs on behalf of Rodriguez. However, had it been shown that Castillo did not deliver drugs on behalf of Rodriguez, that would not have impacted the substantial evidence of others who did deliver drugs on behalf of Rodriguez. Rodriguez asserts that Shriver should have been called to testify that he never saw Rodriguez trafficking drugs and that Rodriguez was in severe financial ruin. But, as the Court stated when addressing Rodriguez's claim for failure to pursue discovery material, Shriver's testimony would not have been relevant to the case. Rodriguez's financial state does not dispute that he was guilty of being a drug dealer. Rodriguez further argues that Ruiz and Olivera-Mendez should have

been called to testify about statements made by Genaro Delbosque. However, the Court made it clear at trial that those statements were hearsay with no applicable exception. Accordingly, it was a reasonable determination for counsel to not call either of those witnesses. Rodriguez also contends that counsel was "afraid to argue a hearsay Motion before the Court" to allow Mahan's testimony. The Court sustained a hearsay objection against Rodriguez at trial regarding statements made by Delbosque to several of the defense's witnesses. In light of that hearsay objection, which prevented counsel from bringing those witnesses before the jury, the Court cannot say that counsel's decision regarding Mahan's testimony fell below an objective standard of reasonableness or had a prejudicial impact upon the outcome of the trial.

Rodriguez argues further that counsel's decision not to call these witnesses to testify was not a reasonable or effective strategy and severely impacted the outcome of his case. However, as the Court stated earlier, a reasonable trial strategy does not constitute ineffective assistance simply because it was not successful. Even if counsel could have done more in Rodriguez's defense in attempting to secure the testimonies of these witnesses, Rodriguez has failed to satisfy the *Strickland* requirements. Based on the strength of the evidence the Court "cannot say the outcome of the trial would have been different but for counsel's alleged errors." *United States v. White,* 342 F.3d 673, 681 (8th Cir. 2003) (quoting *Strickland,* 466 U.S. at 687).

6.   Failure to properly prosecute a motion for mistrial.

Rodriguez claims that counsel's failure to "strongly object" to the closing arguments made by a co-defendant's counsel resulted in a denial of the defense's motion for mistrial.

"[T]he decision whether to grant a mistrial, which is a very drastic remedy, lies within the sound discretion of the district court." *United States v. Elem,* 845 F.2d 170, 172 (8th Cir. 1988). Here, Rodriguez "must make a showing of real prejudice by demonstrating that the jury was unable to compartmentalize the evidence as it related to [him and his co-defendant]." *United States v. Garrett,* 961 F.2d 743, 746 (8th Cir. 1992). He must show something more than the mere fact of an increased chance for acquittal, and "affirmatively demonstrate" that his right to a fair trial was prejudiced. *Zafiro v. United States,* 506 U.S. 538, 39 (1993).

Even if we concluded that the defenses of Rodriguez and his co-conspirators were mutually

antagonistic and irreconcilable, he would still fail to demonstrate prejudice "because this conflict alone will not cause the jury to unjustifiably infer that both are guilty." *United States v. Sandstrom,* 594 F.3d 634, 645 (8th Cir. 2010) (internal citations and quotations omitted). The government offered sufficient evidence independent of any alleged conflict between the defenses of Rodriguez and his co-conspirators as to their guilt. The statements of which Rodriguez is complaining, made by co-defendant's counsel during closing arguments, are insufficient to meet the heavy burden Rodriguez carries in order to make this showing, and the Court does not believe the statements were the basis for the jury's verdict. *See United States v. Swinney,* 970 F.2d 494, 500 (8th Cir. 1992).

Rodriguez also argues that counsel's failure to properly argue the "rules of criminal procedure" resulted in a denial of the motion for mistrial. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins,* 382 F.3d 846, 851 (8th Cir. 2004).(internal citations omitted). Rodriguez has failed to show that he was prejudiced by counsel's decision, or more specifically, that there is a reasonable probability that, but for counsel's failure to further argue the motion for mistrial, the result of the proceeding would have been different. The government presented a strong case that "was supported by the testimony of numerous coconspirators" and "substantial evidence," and the Court does not see how further arguing of a motion for mistrial would have impacted the outcome of Rodriguez's case. *Rodriguez,* 207 Fed. Appx. 733.

7. <u>Failure to object to the governments statement in closing arguments relative to not bringing forth an exculpatory witness, Raul Castillo, who would have testified that he did not deliver drugs on Rodriguez's behalf.</u>

Rodriguez states that the government stated in their closing arguments that the defense was unable to bring Castillo in to testify at trial. He claims that the government's comments prejudiced him and that counsel was ineffective for failing to object.

"Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Kimmelman v. Morrison,* 477 U.S. 365, 382 (1986). It

is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations. *United States v. Hasting,* 461 U.S. 499, 509 (1983). The prosecutor's statement about Castillo not testifying was inappropriate. However, "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young,* 470 U.S. 1, 12 (1985). The Eighth Circuit has set forth a two-part test of reversible prosecutorial misconduct: 1) the prosecutor's remarks or conduct must have been improper; and 2) such remarks or conduct must have prejudicially affected defendant's substantial rights so as to deprive him of a fair trial. *United States v. Ziesman,* 409 F.3d 941, 953 (8th Cir. 2005). The Court does not think that the prosecution's isolated statement about one witness not testifying prejudicially affected Rodriguez's substantial rights so as to deprive him of a fair trial.

As to counsel's decision not to bring Castillo to testify, the Eighth Circuit has held that an attorney is not ineffective even when he fails to call a witness that he promised to call in his opening. *See Williams v. Bowersox,* 340 F.3d 667, 671-672 (8th Cir. 2003).

8. <u>Failure to object to the government's closing arguments or to file a motion to object to the drug quantity at the conclusion of the trial.</u>

Rodriguez argues that the government was incorrect in their addition of the quantity of controlled substances. However, this argument was thoroughly examined by the Eighth Circuit on direct appeal and found to be without merit. *Rodriguez,* 207 Fed. Appx. 733. The Court stated that "[t]he jury found beyond a reasonable doubt that the conspiracy involved over five kilograms of cocaine. The jury's finding was supported by substantial evidence, including coconspirator testimony that placed the drug quantity at an amount substantially greater than five kilograms." *Id.* Accordingly, counsel's decision not to challenge the government's closing arguments and their assessment of the drug quantity or make a challenge at the close of trial was not unreasonable and did not prejudice Rodriguez.

9. <u>Failure to adequately educate the jury in his closing arguments.</u>

Rodriguez argues that counsel did not properly educate the jury on the evidence or the drug

11

quantities, and that counsel stated that Rodriguez was responsible for the cocaine introduced as evidence. However, Rodriguez misunderstands counsel's statement. In his closing argument counsel stated: "In support of what we know [no] cocaine has been introduced in evidence in this trial that came from or belonged to Juan Rodriguez. No credible witness has testified that he got cocaine or that she got cocaine from Juan Rodriguez. No money has been introduced in evidence here that can be traced to Juan Rodriguez...."[1] It is clear that counsel was attempting to inform the jury that even though the government introduced various amounts of drugs, his client could not be linked to those drugs. The Court finds that Rodriguez failed to establish that counsel was not acting as the "counsel" guaranteed by the Sixth Amendment or that he was prejudiced by these statements. *Strickland*, 466 U.S. at 687.

10.  Failure to file Rodriguez's objections to the Presentence Investigation Report.

Rodriguez claims that counsel was ineffective because he did not include Rodriguez's objections to the presentence report in the objections by the defense to the Court. The defense submitted fourteen objections to the presentence report. Rodriguez has not elaborated as to which objections he wanted in this case, and consequently has not shown how this performance was deficient or how he was prejudiced by counsel's decision.

11.  Evidentiary Hearing.

Lastly, Rodriguez contends that if immediate relief is not awarded here he is entitled to an evidentiary hearing to examine his claims. A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, a petition can be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the

---

[1] According to the transcript, the defense's closing arguments did not include the word "no" in the first sentence. However, this possible omission does not affect the Court's decision. The failure to include this word does not rise to the level of plain error. The Court believes that in context the defense communicated its' point to the jury–that while a large amount of drugs had been presented in Court, none was tied to the defendant–and accordingly did not prejudice Rodriguez.

petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995). The Court has found that each of Rodriguez's claims for ineffective assistance of counsel are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* Accordingly, Rodriguez's request for an evidentiary hearing must be denied.

12. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing" under this section showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In other words, "a substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Rodriguez has not made a substantial showing that there was an error at trial. Accordingly,

**Conclusion**

Based upon the foregoing discussion, it is the conclusion of the Court that Rodriguez's motion under 28 U.S.C. § 2255 to vacate his sentence is denied.

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied; and

2. That Petitioner's request for an evidentiary hearing is denied.

3. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 28th day of May, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Deb Peters

(SEAL)          DEPUTY